## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANNA M PINNEY

        Plaintiff,

vs.

        JURY TRIAL DEMANDED

        Case No. 8:26-cv-2013-TPB-NHA

TRANSUNION LLC.

        Defendant

RCVD - USDC - FLMD - TPA
JUL 14 2026 PM3:06

## COMPLAINT

COMES NOW, Plaintiff Anna Myrta Pinney, Pro Se ("Plaintiff"), and files this

Complaint against Defendant TRANSUNION LLC ("Transunion" or "Defendant"),

alleges as follows:

## I.  INTRODUCTION

1.  This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory

and punitive damages against Defendant TRANSUNION LLC ("Transunion") for

violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter

"FCRA").

## II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3.  Venue in this District is proper in that the Defendant transacts business in this

judicial district.

Page **1** of **20**



### III.    PARTIES

4.  Plaintiff Anna Myrta Pinney is a natural person residing in Brandon, FL.

5.  Plaintiff Anna Myrta Pinney is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

6.  Upon information and belief, Transunion LLC is an Illinois corporation duly authorized and qualified to do business in the State of Florida, with its registered agent address as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7.  Transunion is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

### IV.    FACTS OF THE COMPLAINT

8.  On April 18, 2026, Plaintiff sent Defendant a formal written dispute letter invoking her rights under the Fair Credit Reporting Act (FCRA). **Exhibit A.**

9.  In the dispute letter, Plaintiff identified multiple errors, omissions, and materially incomplete reporting in the Report.

10. In the same dispute correspondence, Plaintiff requested a full file disclosure, including all information TransUnion maintained about Plaintiff, including inquiries, the purpose of inquiries, and information about who accessed Plaintiff's report.

11. Upon information and belief, Defendant Experian transmitted Plaintiff's dispute to the furnisher of the information and provided all relevant disputed information.

12. The FCRA demands of CRAs that they utilize reasonable procedures to assure

maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b).

13. When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i.

14. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

15. On or about May 26, 2026, Ms. Pinney obtained a copy of her consumer disclosure from the nationwide consumer reporting agency, Transunion LLC, through www.annualcreditreport.com. A true and correct copy of Ms. Pinney consumer file disclosure is attached as **Exhibit B**.

<u>Transunion</u>

16. Transunion was required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Ms. Pinney all the information in her file, subject to the same limited exception regarding truncation of her Social Security number.

17. TransUnion did not provide Plaintiff a complete file disclosure responsive to Plaintiff's request.

18. Transunion's disclosure was incomplete and omitted critical information contained within her credit file, thereby failing to meet this requirement.

19. These errors and omissions were numerous and included, but may not be limited to, missing full account numbers for all accounts and the following:

- Barclays Bank Delaware/Old Navy (Account 00043249021****):
  - The full account number was not reported, rendering the tradeline materially incomplete.
  - The balance is missing in the Account Details section while a balance is reflected in Payment History, creating an internal inconsistency.
  - The "Date Opened" does not match the Payment History chart (which begins later), creating an incomplete chronology.
  - The Credit Limit History conflicts with Payment History entries reflecting charge-off status, creating an internally inconsistent record.
  - The Report reflects an estimated removal date by month and year without providing a specific removal month and year, preventing Plaintiff from confirming the accuracy of the reporting timeline.
  - The Balance, Scheduled Payment, Amount Paid, Past Due, and Remarks categories are missing for multiple months in 2024, preventing a meaningful assessment of the account's reported status.
- DEPT OF ED/AIDV (Account 92203946531E0012023052523****):
  - Although the tradeline reflects delinquency status of "120 Days Past Due," the Balance is inconsistently reported as "N/A" while payment history reflects balance figures, creating uncertainty as to the actual amount owed.
  - The tradeline reports a partially masked account number without explanation for the omission of the full account number, limiting

account verification.

- o The Date Opened (05/25/2023) does not match the Payment History reporting, which reflects activity beginning in 09/2023, creating inconsistent origination data.

- o The High Balance History does not match Payment History figures, with differing reported balances for identical reporting periods, rendering the account history internally inconsistent.

- o The Payment History reflects inconsistent delinquency progression, including changes in rating and status without a clear transition pattern, making the reporting unreliable.

- o The tradeline reports an "Estimated month and year this item will be removed (09/2032)" without explanation or verification of calculation methodology.

- o The Payment History section is materially incomplete, with missing Balance, Scheduled Payment, Amount Paid, Past Due, and Remarks entries across multiple reporting periods from 2023 through 2026.

- **DEPT OF ED/AIDV (Account 92203946531E0022023091123****):**
  - o Although the tradeline reflects high balance figures, the Payment History reports differing balance amounts for identical reporting periods, creating an internal inconsistency regarding the actual reported debt.

  - o The tradeline reflects inconsistent payment reporting, including periods

showing $0 payments while balances and past due amounts continue to increase, creating uncertainty regarding payment accuracy.

o The Payment History reflects an abrupt change in delinquency status from "OK" to "120 Days Late" within a single reporting cycle, without explanation or transitional reporting.

o The tradeline is materially incomplete, with missing Balance, Scheduled Payment, Amount Paid, Past Due, Remarks, and Rating fields across multiple reporting periods from 2023 through 2026.

- DISCOVER CARD (Account 601101208571****):

o The tradeline reports a partially masked account number without explanation for the omission of the full account number, preventing complete verification of the account.

o The Date Opened (05/28/2020) does not match the Payment History reporting (07/2020), creating inconsistent account origination data.

o The High Balance History contains discrepancies when compared to Payment History figures for identical reporting periods, creating internal inconsistencies in the reported account balance.

o The Payment History reflects inconsistencies between credit limit reporting and charged-off status, creating conflicting account status information.

o The tradeline reports an "Estimated month and year this item will be removed (12/2030)" without explanation or supporting calculation

methodology.

- o The Payment History section is materially incomplete, with missing Balance, Scheduled Payment, Amount Paid, Past Due, and Remarks entries across multiple reporting periods from 2024 through 2026.

- **LVNV FUNDING LLC (Account 639305092743****):**

  - o The full account number was not reported, rendering the tradeline materially incomplete.

  - o The "Date Opened" information does not match the Payment History chart, which is missing.

  - o The "Date Updated" reflects a date, but the Payment History does not reflect corresponding data, creating an incomplete and unreliable record.

  - o The Report reflects an estimated removal date by month and year without providing a specific removal month and year, preventing Plaintiff from confirming the accuracy of the reporting timeline.

  - o The Scheduled Payment and Amount Paid category for February 2026 is missing, preventing a meaningful assessment of the account's reported status.

- **LVNV FUNDING LLC (Account 604419213023****):**

  - o The full account number was not reported, rendering the tradeline materially incomplete.

- o The balance is missing in the Account Details section while a balance is reflected in Payment History, creating an internal inconsistency.

- o The "Date Opened" does not match the Payment History chart (which begins later), creating an incomplete chronology.

- o The Report reflects an estimated removal date by month and year without providing a specific removal month and year, preventing Plaintiff from confirming the accuracy of the reporting timeline.

- o The Balance, Scheduled Payment, Amount Paid, Past Due, and Remarks categories for June 2025 are missing, preventing a meaningful assessment of the account's reported status.

- **NAVY FEDERAL CR UN (Account 1000014300157812****):**
  - o The tradeline reports a partially masked account number without explanation for omission of full account details.
  - o The Date Opened (11/07/2022) does not match the Payment History reporting (12/2022), creating inconsistent account origination data.
  - o The reported terms indicate a $0 monthly payment obligation, which is inconsistent with standard installment reporting and creates uncertainty regarding repayment structure.
  - o The High Balance History conflicts with Payment History figures for identical reporting periods, creating internal inconsistencies in reported balances.

- o The Payment History section is materially incomplete, with missing Balance, Scheduled Payment, Amount Paid, Past Due, and Remarks entries across multiple reporting periods from 2024 through 2026.

- o The tradeline reports an "Estimated month and year this item will be removed (01/2031)" without explanation or supporting calculation.

- **MOHELA SERVICING (Account 9220394653100022007****):**

  - o The tradeline reports a partially masked account number without explanation for omission of full account identification.

  - o The Date Opened (05/02/2007) does not match Payment History reporting (03/2019), creating inconsistent account origination data.

  - o The reported payment terms reflect inconsistency, including a stated $0 monthly payment obligation while simultaneously showing active payment activity, creating uncertainty regarding repayment structure.

  - o The High Balance History conflicts with Payment History figures for identical reporting periods, creating internal inconsistencies in reported balances.

  - o The Payment History reflects inconsistent delinquency progression across multiple reporting periods, including transitions from "OK" to 90/120 days late without explanation.

  - o The Payment History section is materially incomplete, with missing Balance, Scheduled Payment, Amount Paid, Past Due, Remarks, and Rating fields across multiple reporting periods from 2007 through 2025,

rendering the tradeline unreliable and incomplete on its face.

- NAVY FEDERAL CR UN (Account 5000014060695626196****):
    - The tradeline reports a partially masked account number without explanation for omission of full account identification.
    - The Date Opened (04/27/2017) does not match Payment History reporting (03/2019), creating inconsistent account origination data.
    - The High Balance History conflicts with Payment History figures for identical reporting periods, creating internal inconsistencies in reported balances.
    - The Credit Limit History is inconsistent with Payment History during charged-off periods, creating conflicting account status reporting.
    o The Payment History reflects inconsistent delinquency progression (e.g., transitions from "OK" to 90/120 days late within short timeframes), without explanatory continuity.
    - The Payment History is materially incomplete, with missing Balance, Scheduled Payment, Amount Paid, Past Due, and Remarks entries across multiple reporting periods from 2024 through 2026.
    - The tradeline reports an "Estimated month and year this item will be removed (08/2030)" without explanation or supporting calculation.

20. The Federal Trade Commission's Advisory Opinion to Darcy dated June 30, 2000, which interprets §1681g(a) of the Fair Credit Reporting Act ("FCRA") and confirms that a consumer reporting agency must clearly and accurately disclose all

information in the consumer's file at the time of the request, including full account identifiers, unless truncation is requested by the consumer. A true and correct copy of the Federal Trade Commission's Advisory Opinion is attached as **Exhibit C.**

21. Under 15 U.S.C. § 1681g(a), upon receipt of Ms. Pinney's request, Transunion was legally obligated to provide Mr. Pinney with a complete and accurate disclosure of all information in his credit files at the time of his request.

22. Transunion provided an electronic copy of Mr. Pinney Consumer Disclosure via www.annualcreditreport.com.

23. Rather than comply with the FCRA, Transunion knowingly and intentionally failed to disclose all of the information in Ms. Pinney's credit file.

24. Transunion failed to disclose full account numbers.

25. Transunion failed to disclose sources of information.

26. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

27. Accordingly, Transunion's violations of the FCRA were willful.

28. Ms. Pinney is entitled to receive a complete, accurate, and transparent disclosure of his credit file from Transunion upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. See 15 U.S.C. § 1681j.

29. By failing to meet this requirement, Transunion deprived Ms. Pinney of a right expressly granted by federal law.

30. These violations were willful, not negligent, and were carried out through

systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures.

31. Transunion's practices suggest an institutional disregard for their statutory obligations under the FCRA.

32. Transunions' actions and inactions caused significant harm to Ms. Pinney in numerous ways, including but not limited to:

   a. Preventing her from identifying and correcting errors in her credit file;

   b. Obstructing her statutory right to dispute inaccurate or incomplete information;

   c. Depriving her of favorable credit information;

   d. Subjecting her to frustration, confusion, and unnecessary delay;

   e. Increasing her risk of credit denials and exposure to unfavorable credit terms;

   f. Damaging her reputation and financial standing;

   g. Causing her emotional distress, anxiety, and embarrassment;

   h. Forcing her to waste substantial time and resources attempting to remedy the inaccuracies;

   i. Prolonged publication of false and/or incomplete information; and

   j. Depriving her of the full exercise of his legal rights under the Fair Credit Reporting Act.

   k. Preventing Plaintiff from applying for and obtaining credit because prospective creditors were unable to access her TransUnion consumer report due to Defendant's failure to remove the security freeze;

   l. Requiring Plaintiff to spend substantial additional time communicating with

Defendant and repeating identity verification procedures;

m. Subjecting Plaintiff to unreasonable delays, inconsistent information, and a lack of transparency regarding the status of her account and the continued placement of the security freeze.

33. On June 26, 2026, between approximately 1:20 p.m. and 2:05 p.m., Plaintiff contacted Defendant TransUnion by telephone regarding the unreasonable delay and lack of transparency in removing a security freeze from her consumer report after the automated system failed to process her request to temporarily lift or remove the freeze.

34. Plaintiff initially spoke with a customer service representative identified as Amanda. After reviewing Plaintiff's account, Amanda advised Plaintiff that the matter would have to be handled by a supervisor.

35. Amanda documented Plaintiff's account and provided Reference Number **33670160**, representing that Plaintiff's account had been documented for transfer.

36. After being transferred, Plaintiff spoke with another representative identified as Naval. Naval informed Plaintiff that the previously issued reference number was not helpful and required Plaintiff to repeat the verification process before discussing the account.

37. Following the second verification process, Plaintiff was informed that her file had been referred to or was being handled by TransUnion's litigation team and that Plaintiff would be contacted within three (3) business days regarding removal of the security freeze.

38. Plaintiff requested that customer service directly contact the litigation team through TransUnion's internal communication systems in order to resolve the issue promptly.

39. Defendant's representatives failed to provide any reasonable explanation as to why such internal communication could not occur.

40. More than three business days have elapsed since Plaintiff's June 26, 2026 telephone call, yet Defendant has failed to contact Plaintiff, failed to remove the security freeze, failed to provide any explanation for the continued delay, and failed to provide any meaningful status update.

41. Throughout Plaintiff's communications with Defendant, Plaintiff received inconsistent and contradictory information from Defendant's representatives, was required to repeatedly verify her identity unnecessarily, and was never provided with a clear explanation for why the litigation team was involved or why the security freeze remained in place.

42. As a direct and proximate result of Defendant's failure to timely remove the security freeze, Plaintiff has been unable to apply for or obtain credit because prospective creditors have been unable to access Plaintiff's TransUnion consumer report.

43. Plaintiff has received notifications indicating that her application could not be processed because a temporary freeze prevented access to her credit file and that she should contact the credit bureau for assistance.

44. Defendant's conduct has caused Plaintiff additional delay, inconvenience,

frustration, anxiety, lost time, and impairment of her ability to seek credit, thereby causing additional actual damages beyond those otherwise alleged herein.

## V. CAUSES OF ACTION

45. This suit is based upon the Transunion's violations of the Fair Credit Reporting Act.

46. All causes of action were the producing causes of damages, which Ms. Pinney suffered.

## FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

47. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

48. Defendant Transunion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report purportedly concerning Plaintiff.

49. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

50. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

51. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681g

52. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out

herein.

53. Defendant Transunion has failed to comply with the requirements in 15 U.S.C. §1681g to provide a full file disclosure to Plaintiff.

54. Defendant's violations include, but are not limited to, the following:

Defendant violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

Defendant also violated 15 U.S.C. § 1681g by failing to disclose the sources of the information contained in Ms. Pinney's consumer disclosure.

55. Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

56. Defendant Experian has done so either negligently or willfully.

57. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

58. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**THIRD CLAIM FOR RELIEF**
**15 U.S.C. § 1681i(a)(2)**

59. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 as if fully set forth herein.

60. Defendant Transunion has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

61. Defendant Transunion has violated 15 U.S.C. § 1681i(a)(2) in that they failed to

consider and forward all relevant information to the furnisher of information.

62. Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

63. Defendant Transunion has done so either negligently or willfully.

64. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

65. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## FOURTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(4)

66. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 65 as if fully set forth herein.

67. Defendant Transunion has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

68. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

69. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

70. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to

15 U.S.C. §1681o.

## FIFTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(5)

71. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 70 as if fully set forth herein.

72. Defendant Transunion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the inaccurate tradelines on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify the furnishers of information that the information was deleted from Defendant's file of Plaintiff.

73. Defendant Transunion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

74. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

75. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

76. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## SIXTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a) (6)(B)(iii)

77. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

78. Defendant Transunion has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they

failed to have a procedure to prevent giving false information upon re-investigation.

79. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

80. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

81. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## SEVENTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681i(7)

82. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 81 as if fully set forth herein.

83. Defendant Transunion has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

84. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

85. Defendant Experian Transunion acted negligently and/or willfully.

86. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages,

and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anna Pinney. respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Transunion LLC for the following:

a) Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b) Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

c) Costs pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C §1681o(b); and

d) For such other and proper relief as the court deems just and proper.

Dated: July 8, 2026                                    Respectfully Submitted:

Anna Pinney
PO Box 3161,
Brandon, FL 33509-3161
anna.pinney@gmail.com
(813) 748-5681
Plaintiff, in propria persona

## ATTACHED EXHIBIT LIST

A) Defendant's Dispute Letter April 18, 2026
B) Plaintiff's Transunion Consumer Disclosure, May 26, 2026
C) FTC Opinion Letter