**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANNA M. PINNEY,

Plaintiff,

v. Case No. 8:26-cv-2013-TPB-NHA

TRANS UNION LLC,

Defendants.
__________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT"**

This matter is before the Court on "Defendant Trans Union LLC's Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support," filed on September 9, 2026. (Doc. 21). Plaintiff Anna Myrta Pinney, proceeding *pro se*, filed a response in opposition. (Doc. 24). Upon review of the motion, response, court file, and applicable law, the Court finds as follows:

## Background

This case arises from a dispute between Plaintiff Anna Myrta Pinney and Defendant Trans Union LLC concerning information contained in Plaintiff's credit report. Plaintiff alleges that she sent Defendant a letter identifying errors in her credit report and requesting a complete copy of her consumer file. Although Defendant investigated her dispute and provided the results, Plaintiff contends that Defendant failed to correct inaccurate information or provide the complete disclosure she

requested. She also alleges that Defendant failed to timely remove a security freeze from her credit file, preventing her from obtaining credit.

On July 14, 2026, Plaintiff filed her original complaint. (Doc. 1). On August 12, 2026, Defendant filed an answer. (Doc. 7). Then, on August 26, 2026, Plaintiff filed the operative amended complaint. (Doc. 13). Her amended complaint asserts seven claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*: failure to follow reasonable procedures to assure accuracy (Count I); failure to provide a complete file disclosure (Count II); failure to provide relevant information to furnishers (Count III); failure to consider relevant information during reinvestigation (Count IV); failure to delete or modify inaccurate information (Count V); failure to comply with reinvestigation notice requirements (Count VI); and failure to provide a description of reinvestigation procedures (Count VII). Defendant moves to dismiss all seven counts with prejudice, arguing that Plaintiff has failed to adequately allege violations of the FCRA or establish that she suffered a concrete injury. Defendant also requests an award of attorney's fees and costs.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## **Analysis**

***Standing, Generally***

Defendant first argues that Plaintiff lacks standing because she has not alleged that an inaccurate credit report was provided to a third party or that she suffered a concrete injury resulting from the alleged FCRA violations. Federal courts possess only the jurisdiction authorized by the Constitution and federal statutes. *Travaglio v. American Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). To establish Article III standing, a plaintiff must demonstrate an injury in fact that is concrete, particularized, and actual or imminent; that the injury is fairly

traceable to the defendant's challenged conduct; and that the injury is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A statutory violation does not automatically establish a concrete injury. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426-27 (2021). Standing must be established for each claim asserted. *Id.* at 431.

A violation of the FCRA, standing alone, does not automatically establish standing. *Ramirez*, 594 U.S. at 436. To establish standing, Plaintiff must therefore allege an actual injury caused by Defendant's alleged misconduct. For example, the existence of inaccurate information in a consumer's internal credit file generally does not establish a concrete injury unless the information was disclosed to a third party or otherwise caused a concrete adverse effect. *Id.* at 434-36; *Nelson v. Experian Information Solutions, Inc.*, 144 F.4th 1350, 1354-56 (11th Cir. 2025).

Here, Plaintiff generally alleges emotional distress, damage to her credit rating, and difficulty obtaining credit. However, she does not clearly explain how those injuries resulted from the particular reporting or reinvestigation violations asserted in Counts I and III through VII. Although Plaintiff alleges that prospective creditors were unable to access her report, she attributes that difficulty to Defendant's failure to remove a security freeze rather than the dissemination of inaccurate information. These allegations raise substantial questions concerning Plaintiff's standing to pursue those claims. Because Plaintiff will be granted leave to amend her complaint, the Court will allow her an opportunity to clarify the

nature of her injuries and how those injuries resulted from each alleged violation, without conclusively resolving the standing issue at this time.

***Count I - Inaccurate Reporting***

In Count I, Plaintiff alleges that Defendant violated § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy when preparing Plaintiff's consumer report. To state a claim under this provision, Plaintiff must identify inaccurate information in a consumer report and allege facts showing that the inaccuracy resulted from Defendant's failure to follow reasonable procedures. *See Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

Defendant argues that Plaintiff has not identified any specific inaccurate information. However, this is not entirely true – the argument overlooks the detailed dispute letter Plaintiff attached to her amended complaint identifying numerous disputed accounts and entries, including alleged discrepancies involving balances, payment histories, and other information. Nevertheless, identifying disputed information is not necessarily sufficient to establish that the information was inaccurate or materially misleading. And moreover, neither Defendant nor the Court should be expected to parse through exhibits to try to ascertain Plaintiff's claims. In addition, Plaintiff fails to allege that Defendant prepared an inaccurate consumer report that was furnished to a third party or otherwise caused her a concrete injury. Without sufficient allegations concerning the preparation of an

inaccurate consumer report and any resulting injury, Plaintiff has not adequately pleaded a claim under § 1681e(b) or sufficiently alleged standing to pursue it.

Accordingly, Count I is dismissed without prejudice, with leave to amend. In a second amended complaint, Plaintiff must identify in the complaint itself the particular information she contends was inaccurate, explain why it was inaccurate, and allege facts showing how Defendant's conduct violated § 1681e(b). She must also allege facts showing that an inaccurate consumer report was furnished to a third party or otherwise caused her a concrete injury.

***Count II - Failure to Provide a Complete File Disclosure***

In Count II, Plaintiff alleges that Defendant violated § 1681g by failing to provide Plaintiff with a complete disclosure of her consumer file. Section 1681g generally requires a consumer reporting agency, upon request and subject to applicable identification requirements, to disclose the information maintained in a consumer's file.

Defendant argues that Plaintiff failed to establish that she provided proper identification and points out that Plaintiff acknowledges receiving the results of Defendant's reinvestigation. However, Plaintiff alleges that she requested a complete file disclosure on April 18, 2026, and that Defendant failed to provide it. Her attached correspondence also indicates that she supplied identifying information and documentation with her request. The Court cannot infer from Plaintiff's unsuccessful attempts to obtain her disclosure that she necessarily failed to satisfy the identification requirements. Moreover, receiving the results of a

reinvestigation is not necessarily equivalent to receiving the complete file disclosure required by § 1681g. Plaintiff expressly alleges that the reinvestigation results did not contain all the information she requested. Whether Defendant provided the required disclosure or properly withheld it because of inadequate identification cannot be resolved in Defendant's favor at this stage. Accordingly, the motion to dismiss Count II is denied. However, Defendant will not be required to respond to this claim until the filing of the second amended complaint.

***Count III - Failure to Notify Furnishers of Disputed Information***

In Count III, Plaintiff alleges that Defendant violated § 1681i(a)(2), which requires a consumer reporting agency to notify a furnisher of a dispute and provide relevant information concerning that dispute. However, Plaintiff asserts in paragraph 11 of the amended complaint that Defendant transmitted her dispute to the furnisher and provided all relevant disputed information. This allegation therefore appears inconsistent with Count III, which alleges that Defendant failed to forward relevant information. Plaintiff does not explain the inconsistency or identify what information Defendant allegedly failed to provide. Accordingly, Count III is dismissed without prejudice. If Plaintiff reasserts this claim, she must explain what relevant information Defendant failed to forward and allege facts supporting that assertion.

***Count IV - Failure to Consider Relevant Information***

In Count IV, Plaintiff alleges that Defendant violated § 1681i(a)(4), which requires a consumer reporting agency to review and consider all relevant

information submitted by a consumer during a reinvestigation. Although Plaintiff alleges that she submitted a detailed dispute letter, she does not identify what relevant information Defendant failed to consider or explain how Defendant's investigation was deficient. Merely disagreeing with the results of an investigation does not establish that Defendant failed to review the information submitted. Accordingly, Count IV is dismissed without prejudice. If Plaintiff reasserts this claim, she must identify the relevant information Defendant allegedly failed to consider and explain the factual basis for that allegation.

***Count V - Failure to Delete or Modify Inaccurate Information***

In Count V, Plaintiff alleges that Defendant violated § 1681i(a)(5), which generally requires a consumer reporting agency to delete or modify disputed information found to be inaccurate, incomplete, or unverifiable following a reinvestigation. Plaintiff alleges that Defendant failed to delete inaccurate information and prevent its reappearance. However, she does not adequately identify which information remained inaccurate, incomplete, or unverifiable following the reinvestigation, or explain why Defendant was required to delete or modify that information. Accordingly, Count V is dismissed without prejudice. If Plaintiff reasserts this claim, she must identify the information Defendant should have deleted or modified and explain why that action was required.

***Count VI - Failure to Provide Required Reinvestigation Notice***

In Count VI, Plaintiff alleges a violation of § 1681i(a)(6)(B)(iii), which requires a consumer reporting agency to notify a consumer of the right to request a

description of the procedures used during a reinvestigation. However, Plaintiff alleges that Defendant failed to maintain procedures preventing the communication of false information. That allegation does not address the notice requirement imposed by § 1681i(a)(6)(B)(iii). Plaintiff does not allege that Defendant failed to inform her of the right to request a description of its reinvestigation procedures. Accordingly, Count VI is dismissed without prejudice. If Plaintiff reasserts this claim, she must allege facts showing that Defendant failed to provide the notice required by the statute.

***Count VII - Failure to Provide a Description of Reinvestigation Procedures***

In Count VII, Plaintiff alleges a violation of § 1681i(a)(7), which requires a consumer reporting agency to provide a description of its reinvestigation procedures within fifteen days after receiving a consumer's request for that description. Plaintiff alleges that Defendant failed to provide a written description of its procedures, but she does not actually allege that she requested such a description. Her request for a complete consumer file disclosure is not necessarily a request for a description of reinvestigation procedures. Accordingly, Count VII is dismissed without prejudice. If Plaintiff reasserts this claim, she must allege that she requested a description of Defendant's reinvestigation procedures and that Defendant failed to respond as required by the statute.

***Attorney's Fees and Costs***

Finally, Defendant requests attorney's fees and costs. Because Defendant has not established that Plaintiff filed this action in bad faith or for purposes of harassment, that request is denied. *See* 15 U.S.C. § 1681n(c).

***Leave to Amend***

Although Counts I and III through VII are deficient, the Court will grant Plaintiff one final opportunity to amend. Because Plaintiff is proceeding *pro se* and may be able to correct the identified deficiencies, dismissal with prejudice is not warranted at this stage. *See Woldeab v. DeKalb County Board of Education*, 885 F.3d 1289, 1291-92 (11th Cir. 2018). Plaintiff is advised that any second amended complaint must be complete in itself and must include all claims she wishes to pursue, including Count II, which has not been dismissed. Plaintiff must clearly identify each claim in a separate count, identify the applicable statutory provision, and provide factual allegations supporting that claim.[1] Although Plaintiff may attach supporting documents, she must include the essential facts in the complaint itself rather than relying on Defendant and the Court to search through exhibits to determine the basis of her claims. If Plaintiff does not file an amended complaint, this Order will become a final judgment, and the case will be dismissed.

---

[1] The Court also notes that Plaintiff alleges Defendant failed to timely remove a security freeze from her credit file. The FCRA separately addresses security freezes under § 1681c-1(i). If Plaintiff wishes to pursue a claim based on those allegations, she must identify the applicable statutory provision and allege facts supporting the claim, including any resulting injury.

Because the Court is directing Plaintiff to file a second amended complaint, Defendant need not answer Count II at this time. However, Defendant is advised that the Court has considered and rejected its present arguments for dismissal of Count II, and the filing of a second amended complaint does not, by itself, provide a basis for reconsideration of those arguments.

***Warning to Pro Se Litigant***

Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation – particularly in federal court – is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant Trans Union LLC's Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support" (Doc. 21) is **GRANTED IN PART** and **DENIED IN PART**.
2) Counts I and III through VII of the amended complaint (Doc. 13) are **DISMISSED WITHOUT PREJUDICE**.
3) The motion is **DENIED** as to Count II.

4) Defendant's request for attorney's fees and costs is **DENIED**.

5) Plaintiff is directed to file a second amended complaint on or before December 4, 2026, consistent with the requirements of this Order. The second amended complaint must include *all claims* Plaintiff intends to pursue, including Count II, and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Failure to file a second amended complaint as directed will result in this Order becoming a final judgment and the dismissal of this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of November, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE